NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
DEVOL JAMES,                  :      Civil Action No. 11-1175 (PGS)
                              :
    Plaintiff,                :
                              :
v.                            :      OPINION
                              :
DANA SCOTT,                   :
                              :
    Defendant.                :
_____:

APPEARANCES:

Devol James, Plaintiff Pro Se
40572
Warren County Correctional Center
175 County Road 519 South
Belvidere, New Jersey 07823-1950

SHERIDAN, District Judge

        Plaintiff, Devol James ("Plaintiff"), a pre-trial detainee
confined at the Warren County Correctional Center in Belvidere, New
Jersey, at the time he submitted the above-captioned Complaint for
filing, seeks to bring this action in forma pauperis. Based on his
affidavit  of  indigence,  the  Court  will  grant  Plaintiff's
application to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a) and order the Clerk of the Court to file the Complaint. At
this time, this Court must review the Complaint, pursuant to 28
U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the
Complaint should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a cognizable claim of a federal constitutional violation at this time, and for failure to assert facts to support diversity jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against the Defendant, Dana Scott. (Complaint, Caption and ¶ 4b). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about September 5, 2010, he was accused of rape by Dana Scott in Easton, Pennsylvania. On March 5, 2010, Plaintiff alleges that he was arrested and charged with rape. On May 5, 2010, Plaintiff alleges that all charges were withdrawn by the courts and he was released.

Plaintiff is seeking compensation for the time he was incarcerated; for false allegations; for defamation of character; slander; libel; and emotional and mental distress. He is seeking one hundred and fifty thousand dollars in damages.

## II.  DISCUSSION

## A. Legal Standard

## 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing

its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>id.</u> at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>id.</u> at 1949-50; <u>see</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution

4

or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## B.  Analysis

It appears from Plaintiff's allegations in his complaint that Plaintiff is asserting a claim against a named defendant who is not a state actor subject to § 1983 liability.  Rather, she is just an individual who allegedly brought a false claim of rape against Plaintiff.  Plaintiff makes no claim that she is a state actor, and, indeed, it appears that he could not make such a claim.  Therefore, any claim asserted under § 1983 must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Although Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332; this Court will consider whether it can exercise jurisdiction under that provision.

Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each

5

defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365
(1978).  In particular, if a sole plaintiff and any one of several
defendants are citizens of the same state, complete diversity is
lacking and the action would have to be dismissed for lack of
jurisdiction.  Id.

A plaintiff, as the party asserting federal jurisdiction,
"must specifically allege each party's citizenship, and these
allegations must show that the plaintiff and defendant are citizens
of different states."  American Motorists Ins. Co. v. American
Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also
Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.,
224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the
party's] citizenship in a particular state is fatal to diversity
jurisdiction").  Here, though Plaintiff states that the allegedly
false allegations of rape occurred in Easton, Pennsylvania,
Plaintiff alleges no facts that would permit this Court to
determine either his citizenship or the citizenship of the
Defendant.

With respect to individuals,

For purposes of determining diversity, state citizenship
is equated with domicile. Domicile, however, is not
necessarily synonymous with residence; one can reside in
one place and be domiciled in another. Residence and an
intent to make the place of residence one's home are
required for citizenship and to establish a new domicile.
Although the analysis is necessarily case specific,
courts have looked to certain factors, including state of
employment, voting, taxes, driver's license, bank
accounts and assets, and civic and religious associations

in determining the citizenship of an individual....

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D.Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D.Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)). Plaintiff has alleged no facts regarding his own citizenship. The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines, 404 U.S. at 519. Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

Accordingly, because the Complaint fails to assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any state law claim that may be construed from the Complaint against the named defendant (who is not a state actor), pursuant to 28 U.S.C. § 1331, this Court will dismiss the Complaint without prejudice for failure to allege sufficient facts to establish federal jurisdiction. The dismissal,

pursuant to 28 U.S.C. § 1915(e), is without prejudice to Plaintiff's right to file an amended complaint within forty-five (45) days if there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In other words, Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction as set forth above.

## IV. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety as against the named Defendant, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for failure to state a claim upon which relief may be granted at this time, and for failure to support diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331. An appropriate order follows.

9/6/11

PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE

DATED:

8